IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROY WARREN JOHNSON | § | |
| SHERRY MARIE JOHNSON | § | |
| DEBTOR(S) | § | CASE NO.    04-43234-H5-7 |
| | § | |
| GINETTE M. GRUBB | § | |
| PLAINTIFF(S) | § | ADVERSARY NO.  04-3962 |
| | § | |
| VS. | § | |
| | § | |
| ROY WARREN JOHNSON | § | |
| SHERRY MARIE JOHNSON | § | |
| DEFENDANT(S) | § | |

**MEMORANDUM OPINION REGARDING COMPLAINT
OBJECTING TO THE DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. § 523(a)(2), (4) & (6) AND
ORDER REGARDING MOTION TO ENTER JUDGMENT
ON THE PLEADINGS**

Before the Court is the complaint of Ginette M. Grubb objecting to the dischargeability of

debt pursuant to 11 U.S.C. § 523(a)(2), (4) & (6), and the motion of Roy Warren Johnson to enter

judgment on the pleadings.  The Court concludes that the debt is not dischargeable under 11 U.S.C.

523(a)(2)(A).  The debtor's motion to enter judgment on the pleadings is denied.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1334 and 11 U.S.C. § 523.

This is a core proceeding under 28 U.S.C. § 157(6)(2)(1).

Ginette Grubb was born in France and came to United States with her first husband, Jack

Grubb, in 1961. She is a registered nurse anesthetist and has had no schooling regarding estate or

financial transactions.  Ms. Grubb met Johnson in late 1997, in connection with her search for a

financial planner to create a family trust after Jack Grubb died.  Johnson worked for a large company selling insurance products and was sent by the company to Ms. Grubb's house.  Johnson created the family trust Ms. Grubb desired and advised her to exchange her investments with insurance companies and the stock market for investments in other insurance companies.  Ms. Grubb testified that Johnson was very friendly and empathetic about the loss of her husband.  Ms. Grubb trusted Johnson to advise her about planning for her retirement.  Ms. Grubb allowed Johnson to rearrange her investments.

Ms. Grubb asked Johnson to help her collect funds her husband had loaned to the owner of a local antiques auction house and Johnson assisted with this.  When she obtained these funds, she sought Johnson's advice for their investment. Johnson told her that, as a widow at her age, she should keep the principal safe and that he helped widows like her keep their principal safe.  Johnson told Ms. Grubb that he knew about investing in  real estate and was working with the Moody Foundation.  To safeguard the principal for her retirement, Johnson told Ms. Grubb that he would use the money to buy distressed real estate such as a Texaco gas station or a corner grocery store and resell the property to Filipino businessmen.

Because she trusted Johnson, Ms. Grubb wrote several checks to his company, Heritage Estate Planning, from September 4, 1998, to October 4, 1999, totaling over $300,000.00, for Johnson to use to buy real estate.  Johnson represented that he would repay the principal with 15 % interest.  At Johnson's suggestion, Ms. Grubb accepted three promissory notes for these funds prepared and executed by Johnson on October 4, 1999, and on May 23, 2000.

During this time, Ms. Grubb thought Johnson was buying and selling real estate to keep her principal safe.  Instead, Johnson used $60,000 of the funds for personal living expenses and most

of the remainder to fund the leasing, build out costs, equipment costs and operating expenses of a private club. Ms. Grubb testified that had she known Johnson was spending her money this way she would not have advanced him the funds.

On May 20, 2002, Ms. Grubb obtained a judgment against Roy Warren Johnson in Cause No. C-2002-21581 in the 333rd District Court of Harris County, Texas. The judgment is in the aggregate amount of approximately the three promissory notes, plus attorney's fees.

Johnson testified that he intended to repay Ms. Grubb by selling the private club because it was located on land, for which he had a first right of refusal to purchase, which was ideally suited for development in connection with an interstate highway project that was going to be built. The Court finds that Johnson never intended to repay Ms. Grubb for her advances and that his testimony that he intended to repay Ms. Grubb is not credible.

Johnson further contends that Tex. Bus. & Comm. Code §§ 26.01 and 26.02, the statute of frauds, preclude Ms. Grubb's cause of action because her complaint alleges that more than $50,0000 in funds were to be used to purchase real estate, but no real estate transaction was documented and the obligations of the parties are limited to the written loan agreement. The Court concludes that Tex. Bus. & Comm. Code § 26.02 does not apply to the foregoing transactions because funds were not lent by a "financial institution" as defined by the statute. Further, Tex. Bus. & Comm. Code § 26.01 does not apply because Ms. Grubb does not seek to enforce a contract to purchase real estate; she seeks to have her debt declared non-dischargeable for fraud.

Section 523(a)(2)(A) of the Bankruptcy Code provides that a debt for money or an extension of credit obtained by "false pretenses, a false representation, or actual fraud" is not dischargeable. 11 U.S.C. § 523(a)(2)(A).   "For a debt to be nondischargeable under section 523(a)(2)(A), the

creditor must show (1) that the debtor made a representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance." In re Acosta, 406 F.3d 367, 372 (5th Cir. 2005). The Court finds that Johnson knowingly and fraudulently represented to Ms. Grubb that he would safeguard her funds for her retirement by buying real estate with the intent to deceive Ms. Grubb so that she would advance the funds to him. The Court finds that Ms. Grubb justifiably relied on Johnson's representations because of her prior experiences with his creation of her family trust and investment of other funds. The Court finds that Ms. Grubb sustained a loss of over $300,000.00, as a proximate result of her reliance. The Court concludes the debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

The Court concludes that Ms. Grubb has failed to prove the elements of a non-dischargeable debt under 11 U.S.C. § 523(a) (4) or (6) and accordingly grants Johnson's motion for judgment on the pleadings to this extent. The Court notes that debtor, Sherry Marie Johnson has been dismissed as a defendant from this adversary proceeding.

Signed this 9 day of Dec , 2005 at Houston, Texas.

KAREN K. BROWN
CHIEF UNITED STATES BANKRUPTCY JUDGE